IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Deborah Harris,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **No:** |
| **v.** ) | |
| ) | |
| **Accounts Receivable Management, Inc., a** ) | |
| **New Jersey Corporation; and Unknown** ) | |
| **Debt Collectors, Individually, and as** ) | |
| **Agents, Apparent Agents, Servants, and/or** ) | |
| **Employees of Accounts Receivable** ) | |
| **Management, Inc.,** ) | |
| ) | **JURY DEMANDED** |
| **Defendants.** ) | |

## COMPLAINT AT LAW

**NOW COMES Plaintiff**, **Deborah Harris**, by her Attorneys, Robert J. Semrad & Associates, L.L.C., and pursuant to this Complaint at Law, states the following against the above named **Defendants**, to wit **Accounts Receivable Management, Inc.,** a New Jersey Corporation; and **Unknown Debt Collectors,** Individually, and as Agents, Apparent Agents, Servants, and/or Employees of **Accounts Receivable Management, Inc.**

## JURISDICTION

1. The jurisdiction of the court is invoked pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). Venue is proper as the actions that give rise to this complaint occurred, **Plaintiff** resides, and **Defendants** conduct business within this District.

1

## PARTIES

2.     **Plaintiff** is a citizen of the County of Cook, State of Illinois, and United States of America, and is a "consumer" as that term is defined by 15 U.S.C. § 1692(a)(3).

3.     **Defendant**, **Accounts Receivable Management, Inc.,** (hereinafter "**ARM**") is a New Jersey Corporation conducting business in the County of Cook, State of Illinois, and United States of America and is a "debt collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

4.     **Defendants, Unknown Debt Collectors**, are natural persons conducting business in the County of Cook, State of Illinois, and United States of America and each is a "debt collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

5.     At all relevant times, **Unknown Debt Collectors** were the agents, apparent agents, servants, and/or employees of **ARM,** and were acting in the course and scope of their agency, servitude and/or employment.

## FACTUAL ALLEGATIONS

6.     Prior to 2009, **Plaintiff** incurred a consumer credit card debt.

7.     This debt was for personal use.

8.     This debt was a "debt" as that term is defined by 15 U.S.C. § 1692(a)(5).

9.     In 2009, **Unknown Debt Collectors** began calling **Plaintiff** and attempted to collect said debt.

10.    Some of said telephone calls were made by **Unknown Debt Collectors** before 8:00 a.m and after 9:00 p.m.

11.    During some of said telephone calls, **Unknown Debt Collectors** would threaten to ruin **Plaintiff's** credit if she did not pay said debt.

12.    During some of said telephone calls, **Unknown Debt Collectors** would threaten to sue **Plaintiff** if she did not pay said debt.

13.    Upon information and belief, **Unknown Debt Collectors** did not have the present right nor intention to sue **Plaintiff**.

2

14. Some of said telephone calls were made by **Unknown Debt Collectors** to **Plaintiff's** roommates.

15. During said telephone calls to **Plaintiff's** roommates, **Unknown Debt Collectors** would disclose that **Plaintiff** owed a debt that they were trying to collect.

16. Said conduct by **Unknown Debt Collectors** continued throughout 2009.

17. The aforementioned telephone calls from **Unknown Debt Collectors,** to **Plaintiff,** were collection communications in violation of provisions of the FDCPA, as aforesaid.

18. As a direct and proximate result of the aforementioned actions, **Plaintiff** suffered injuries of a personal and pecuniary nature including, but not limited to: exacerbation of pre-existing medical conditions, anxiety, embarrassment, and emotional and physical harm.

19. As a result of **Defendants'** violations of the FDCPA, **Plaintiff** is entitled to actual damages pursuant to 15 U.S.C. § 1692(k)(a)(1); statutory damages in an amount up to $1,000.00 per incident pursuant to 15 U.S.C. § 1692(k)(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692(k)(a)(3) from **Defendants**.

    **WHEREFORE**, **Plaintiff** prays that judgment be entered

- against **Defendant, ARM**, and **Defendants, Unknown Debt Collectors,** Individually, and as agents, apparent agents, servants, and/or employees of **ARM,** and each of them, and in favor of **Plaintiff,** for an award of actual damages pursuant to 15 U.S.C. § 1692(k)(a)(1);

- against **Defendant, ARM**, and **Defendants, Unknown Debt Collectors,** Individually, and as agents, apparent agents, servants, and/or employees of **ARM,** and each of them, and in favor of **Plaintiff,** for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692(k)(a)(2)(A);

- against **Defendant, ARM**, and **Defendants, Unknown Debt Collectors,** Individually, and as agents, apparent agents, servants, and/or employees of **ARM,**

and each of them, and in favor of **Plaintiff,** for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k)(a)(3); and;

- for any other such further relief as may be just and proper.

Respectfully Submitted,

<u>/s/ Abbas Merchant</u>
Abbas Merchant
ARDC 6281540

Robert J. Semrad & Associates, L.L.C.
*Attorneys for Plaintiff*
20 S. Clark St., 28th Floor
Chicago, Illinois 60603
Ph 312-913-0625 ext. 151
Fax 312-604-1543